# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CESAR ROCA (#457210)**                                    **CIVIL ACTION**

**VERSUS**

**RICHARD STALDER, ET AL.**                                 **NO. 07-0511-A-M3**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 17, 2008.

**MAGISTRATE JUDGE DOCIA L. DALBY**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CESAR ROCA (#457210)** | **CIVIL ACTION** |
| **VERSUS** | |
| **RICHARD STALDER, ET AL.** | **NO. 07-0511-A-M3** |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Secretary Richard Stalder, Warden Burl Cain, Deputy Warden Richard Peabody, and Assistant Wardens Daryl Vannoy and Leslie Dupont, alleging that his constitutional rights were violated by prison officials' refusal to allow him to attend his mother's funeral in March, 2007, merely because he has been convicted of a sex offense, i.e., aggravated rape.

Under 28 U.S.C. § 1915(e), this Court shall dismiss an action or claim brought in forma pauperis if satisfied that the action is frivolous, malicious or fails to state a claim upon which relief may be granted. Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An in forma pauperis claim is properly dismissed as frivolous if the claim lacks an arguable basis in either fact or law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A § 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed. Green v. McKaskle, supra. In addition, 28 U.S.C. § 1915A provides that a Court shall review, as soon as practicable after docketing, a newly filed complaint and shall dismiss same, or any portion thereof, if the Court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted".

The plaintiff alleges in his Complaint that, when his mother died in March, 2007, he was not immediately notified, notwithstanding that family members called the prison and requested that the plaintiff be advised. Thereafter, when funeral arrangements were made, family members contacted prison officials to seek to make arrangements for the plaintiff to attend the ceremony. Notwithstanding, the plaintiff and family members were advised that, because the plaintiff had been

convicted of aggravated rape, he was not eligible to attend his mother's funeral service.  The plaintiff prays for injunctive and declaratory relief.

The plaintiff's Complaint, for the most part, fails to state a claim of constitutional dimension.  In order for an inmate plaintiff to state a claim under 42 U.S.C. § 1983, he must allege a violation of rights, privileges, or immunities secured by the Constitution or laws of the United States.  <u>Parratt v. Taylor</u>, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981), <u>overruled in part</u>, <u>Daniels v. Williams</u>, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).  To obtain a protectable right, a person must have more than an abstract need, desire, or unilateral expectation of the interest at stake; he must have a legitimate claim of entitlement to it.  <u>Greenholtz v. Nebraska Penal Inmates</u>, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979) <u>citing</u> <u>Board of Regents of State Colleges v. Roth</u>, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

There is no federal constitutional provision which guarantees a prisoner the right to be released on furlough to attend a funeral or for any other reason.  See <u>Cruz v. Sielaff</u>, 767 F.Supp. 547 (S.C.N.Y. 1991); <u>Colon v. Sullivan</u>, 681 F.Supp. 222 (S.D.N.Y. 1988).  The plaintiff contends, however, that he has a protected liberty interest in attending his mother's funeral, created by substantive limitations placed on the Warden's official discretion.  The plaintiff's attempt to locate a protected liberty interest based upon alleged language in state statutes or prison regulations is misplaced.  In <u>Sandin v. Conner</u>, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the Court embraced a new methodology for determining whether prison regulations create a liberty interest.  Rather than relying upon the language of any purported statute or regulation for mandatory language and substantive predicates, the Court focused on the restriction or limitation imposed upon the inmate and concluded that, in order to be successful, an inmate's claim must involve a limitation or restriction that presents "the type of atypical, significant deprivation in which a state might conceivably create a liberty interest."  In the instant case, the Court finds that the plaintiff's claim, that he was precluded from attending his mother's funeral, did not impose an atypical and significant hardship on him in relation to the ordinary incidents of prison life.  Accordingly, under <u>Sandin</u>, the plaintiff's claim must fail as a matter of law.  See La. 15:833 (providing <u>discretionary</u> authority to the Secretary of the Louisiana Department of Public Safety and Corrections to authorize the temporary release of inmates upon the death of family members).  See also <u>Assaad v. Ashcroft</u>, 378 F.3d 471 (5th Cir. 2004) ("[T]he failure to receive relief that is purely discretionary in nature does

not amount to a deprivation of a liberty interest"). Several courts in this Circuit have addressed this issue and have reached similar conclusions. See, e.g., Randall v. Prator, 2008 WL 544464 (E.D. La. Feb. 12, 2008); Champagne v. Terrell, 2007 WL 2772817 (W.D. La. Aug. 7, 2007); Carlisle v. Rayburn Correctional Center, 2007 WL 550054 (E.D. La. Feb. 16, 2007); Smith v. Tanner, 2006 WL 2850182 (E.D. La. Oct. 3, 2006).

Notwithstanding the foregoing, the plaintiff also asserts that he has been denied equal protection of the law because the prison warden has singled out sex offenders and prevented them from attending funerals or participating in unspecified rehabilitative programs. The Equal Protection clause of the Fourteenth Amendment requires essentially that all persons similarly situated be treated alike. See Rolf v. City of San Antonio, 77 F.3d 823 (5th Cir. 1996). In order to successfully plead an equal protection claim, a civil rights plaintiff must alleged (1) that the defendants have created two or more classifications of similarly situated prisoners and have treated them differently; and (2) that the classifications have no rational relationship to any legitimate governmental objective. See Johnson v. Rodriguez, 110 F.3d 299 (5th Cir.), cert. denied, 522 U.S. 995, 118 S.Ct. 559, 139 L.Ed.2d 400 (1997). In the instant case, as an inmate admittedly convicted of aggravated rape, the plaintiff is not a member of any suspect class. See Rochon v. Louisiana State Penitentiary Inmate Account, 880 F.2d 845 (5th Cir. 1989), cert. denied, 493 U.S. 1029, 110 S.Ct. 742, 107 L.Ed.2d 759 (1990). Accordingly, the Court need only apply a rational basis test to determine whether restricting the plaintiff's privileges in the manner alleged is reasonably related to the achievement of a legitimate penological interest. Turner v. Safely, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). Henthorn v. Swinson, 955 F.2d 351 (5th Cir.), cert. denied, 504 U.S. 988, 112 S.Ct. 2974, 119 L.Ed.2d 593 (1992). In the instant case, however, on the record before the Court and accepting the plaintiff's allegations as true at this juncture, the Court is unable to determine whether the alleged unwritten rule at LSP, which purportedly precludes only sex offenders from attending the funerals of family members, is reasonably related to the achievement of a legitimate penological interest. Accordingly, it is appropriate that the defendants be served and be directed to respond to the plaintiff's allegations in this regard.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the plaintiff's claims be dismissed as legally frivolous pursuant to 42 U.S.C. § 1915, with the exception of his claim that the defendants

have violated his right to equal protection, and that this matter be referred back to the Magistrate Judge for further proceedings.

Signed in Baton Rouge, Louisiana, on April 17, 2008.

*[signature]*

**MAGISTRATE JUDGE DOCIA L. DALBY**