**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**CESAR ROCA (#457210)**                                    **CIVIL ACTION**

**VERSUS**

**RICHARD STALDER, ET AL.**                                  **NO. 07-0511-JVP-DLD**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 15, 2010.

**MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**CESAR ROCA (#457210)**  CIVIL ACTION

**VERSUS**

**RICHARD STALDER, ET AL.**  NO. 07-0511-JVP-DLD

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the plaintiff's Motion for Summary Judgment, rec.doc.no. 25.  Notwithstanding several Orders by this Court directing the defendants to file a similar motion for summary judgment, see rec.doc.nos. 10, 21 and 24, the defendants have neither filed a motion for summary judgment nor opposed the plaintiff's motion.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Secretary Richard Stalder, Warden Burl Cain, Deputy Warden Richard Peabody, and Assistant Wardens Daryl Vannoy and Leslie Dupont, alleging that his constitutional rights were violated by the refusal of prison officials to allow him to attend his mother's funeral in March, 2007, simply because he has been convicted of a sex offense, i.e., aggravated rape.  In an earlier Report and Recommendation in this case, approved by the District Judge on May 8, 2009, see rec.doc.nos. 6 and 7, the Court concluded that the plaintiff had failed to state a claim regarding the violation of a due process liberty interest but may have stated an arguable claim of a violation of his right to equal protection.

The plaintiff now moves for summary judgment relying upon the pleadings, a supporting memorandum which has been sworn "under penalty of perjury", and a certified copy of his administrative remedy proceedings.

Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Rule 56, Federal Rules of Civil Procedure.  Supporting affidavits must set forth facts which would be admissible in evidence.  Opposing responses must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e), Federal Rules of Civil Procedure.  In addition, the Court is authorized to grant summary judgment as to a claim for which judgment has not been requested so long as notice is given to the adverse party.  See NL Industries, Inc. v. GHR Energy Corp., 940 F.2d 957 (5th Cir. 1991), cert.

denied, 502 U.S. 1032, 112 S.Ct. 873, 116 L.Ed.2d 778 (1992), Arkwright-Boston Mfrs. Mut. Ins. Co. v. Aries Marine Corp., 932 F.2d 442 (5th Cir. 1991); Marriott Bros v. Gage, 911 F.2d 1105 (5th Cir. 1990). Further, the Court is further authorized to dismiss an action at any time upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2).

Upon a review of the applicable jurisprudence, interpreted in light of the plaintiff's allegations, the Court concludes that the plaintiff's motion must be denied and that his remaining claim must be dismissed.

Initially, there is no federal constitutional provision which guarantees a prisoner the right to be released on furlough to attend a funeral or for any other reason. See Cruz v. Sielaff, 767 F.Supp. 547 (S.C. N.Y. 1991); Colon v. Sullivan, 681 F.Supp. 222 (S.D. N.Y. 1988). See also La. R.S. 15:833 (providing discretionary authority to the Secretary of the Louisiana Department of Public Safety and Corrections to authorize the temporary release of inmates upon the death of family members). Several courts within this Circuit have addressed this issue and have reached similar conclusions. See, e.g., Randall v. Prator, 2008 WL 544464 (W.D. La., Feb. 12, 2008); Champagne v. Terrell, 2007 WL 2772817 (W.D. La., Aug. 7, 2007); Carlisle v. Rayburn Correctional Center, 2007 WL 550054 (E.D. La., Feb. 16, 2007); Smith v. Tanner, 2006 WL 2850182 (E.D. La., Oct. 3, 2006). The mere refusal to allow an inmate to attend the funeral of a family member does not offend the notion of equal protection. Roman v. Donelli, 347 Fed.Appx. 662 (2d Cir. 2009) (no violation of equal protection in failing to allow inmate to attend funeral of family member); Lucero v. LeMaster, 56 Fed.Appx. 915 (10th Cir. 2003) (same); Zaczek v. Murray, 983 F.2d 1059 (4th Cir. 1993) (same); McPeak v. Tennessee Dept. of Corrections, 915 F.2d 1572 (6th Cir. 1990), cert. denied, 498 U.S. 1034, 111 S.Ct. 696, 112 L.Ed.2d 687 (1991) (same). Notwithstanding, the plaintiff asserts that he has been denied the equal protection of the law because prison officials have singled out sex offender inmates and have prevented them from attending the funerals of family members.

The Equal Protection clause of the Fourteenth Amendment requires essentially that all persons similarly situated be treated alike. See Rolf v. City of San Antonio, 77 F.3d 823 (5th Cir. 1996). In order to successfully plead an ordinary equal protection claim, a civil rights plaintiff who is not a member of a protected or suspect class, must allege and show (1) that the defendants have

created two or more classifications of similarly situated prisoners and have treated them differently; and (2) that the classifications have no rational relationship to any legitimate governmental objective. See Johnson v. Rodriguez, 110 F.3d 299 (5th Cir.), cert. denied, 522 U.S. 995, 118 S.Ct. 559, 139 L.Ed.2d 400 (1997).

The plaintiff's claim in the instant case must fail because he fails to meet the first requirement, above. Specifically, the plaintiff, an inmate admittedly convicted of aggravated rape, is not a member of any suspect or protected class. See Rochon v. Louisiana State Penitentiary Inmate Account, 880 F.2d 845 (5th Cir. 1989), cert. denied, 493 U.S. 1029, 110 S.Ct. 742, 107 L.Ed.2d 759 (1990). See also Breshears v. Garrett, 143 Fed.Appx. 570 (5th Cir. 2005) (stating that sex offenders are not a suspect classification). Further, the plaintiff has not alleged that any similarly situated inmate, i.e., any inmate convicted of aggravated rape, has been treated differently than himself. Nor has he sufficiently alleged that he is in fact similarly situated to other inmates who have been deemed eligible to attend the funerals of family members or who have been allowed to attend such funerals. Specifically, the plaintiff has not demonstrated that the criminal records or institutional records of these other inmates are sufficiently similar to his own, and it is obvious in the prison context that the wholly discretionary decision of prison officials to allow an inmate to attend the funeral of a family member must be made on a case-by-case basis, determined upon the unique circumstances pertinent to each prisoner. Cf., Stevenson v. Louisiana Board of Parole, 265 F.3d 1060 (5th Cir. 2001) ("Although [the plaintiff] asserts that the other prisoners who were eligible ... were similarly situated to him, Stevenson has not demonstrated that their criminal records and offenses were sufficiently similar to his circumstances .... [and it] is also obvious that the discretionary decision to grant parole must be made on a case-by-case basis based on the unique circumstances of each prisoner."). As succinctly stated in Rowe v. Cuyler, 534 F.Supp. 297 (E.D. Pa.), affirmed, 696 F.2d 985 (3rd Cir. 1982):

> No two prisoners, being different human beings, will possess identical backgrounds and characters. Indeed, it is difficult to believe that any two prisoners could ever be considered 'similarly situated" for the purpose of judicial review on equal protection grounds of broadly discretionary decisions because such decisions may legitimately be informed by a broad variety of an individual's characteristics.

There is no question in this case but that a determination by prison officials whether to allow an inmate to attend the funeral of a family member is a purely discretionary function which may be colored by a number of factors, including potentially, without limitation, the offense for which the

inmate was convicted, the degree of violence associated therewith, his prior criminal record and institutional record, his mental and physical condition, the length of time that he has been confined, the length of time remaining on his sentence, and whether he presents an escape risk.  LSP Directive No. 24.002 provides only that an inmate may request to attend the funeral of an immediate family member, subject to final approval or denial by the Warden or the Warden's designee.  And La. R.S. 15:833 provides that an inmate convicted of aggravated rape may be released to attend the funeral of a family member only if he is accompanied by a security escort.  Although the plaintiff makes the unsupported assertion that, pursuant to an unwritten policy at LSP, all "sex offenders" are determined to be ineligible for attendance at outside funerals, this is a conclusory assertion not supported by the record, and a conclusory assertion of this nature is not sufficient to state a claim of a violation of equal protection.[1]  Cruz v. Forrest, 350 Fed.Appx. 900 (5th Cir. 2009); Pedraza v. Meyer, 919 F.2d 317, n. 1 (5th Cir. 1990).  Further, a determination to treat sex offenders differently, for purposes of establishing parole conditions or for purposes of allowing participation in pre-parole rehabilitative programs, has been held to be supportable under an equal protection analysis.  See Goodrich v. Livingston, 2007 WL 128308 (S.D. Tex., Jan. 10, 2007), affirmed, 294 Fed.Appx. 983 (5th Cir. 2008) ("To the extent that Plaintiff asserts an Equal Protection challenge because he is not able to participate in pre-parole rehabilitation programs, he fails to state a cognizable claim for relief.  Plaintiff has not shown that sex offenders are a suspect class or that they have been denied a fundamental right ...."), quoting Finley v. Staton, 542 F.2d 250 (5th Cir. 1976) (holding that a requirement that sex offenders obtain special certification for work release did not violate equal protection).  Cf., Unruh v. Moore, 326 Fed.Appx. 770 (5th Cir. 2009) (denying prison job opportunity to inmate convicted of rape).  Accordingly, the Court finds that the plaintiff has not established the existence of a disputed issue of material fact regarding whether prison officials have denied him equal protection based upon his membership in a class of similarly situated persons at LSP.

Notwithstanding the foregoing, in Village of Willowbrook v. Olech, 528 U.S. 562, 120 S.Ct.

---

[1] The Court notes that, in denying the plaintiff's administrative grievance relative to the claim asserted in this proceeding, prison officials stated that the determination to refuse him permission to attend his mother's funeral was "due to the seriousness of your charge", and further stated that "[a]ll request[s] for funeral trips are reviewed carefully before a final decision is made."  These statements do not support the plaintiff's conclusory assertion that all inmates with "sex offenses" are denied an opportunity to attend the funerals of family members.

1073, 145 L.Ed.2d 1060 (2000), the United States Supreme Court recognized that an equal protection claim may be brought by a "'class of one', where the plaintiff alleges that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  To prevail on such a cause of action, a plaintiff need not allege membership in a protected class or group.  Shipp v. McMahon, 234 F.3d 907 (5th Cir. 2000), cert. denied, 532 U.S. 1052, 121 S.Ct. 2193, 149 L.Ed.2d 1024 (2001), overruled in part on other grounds, McClendon v. City of Columbia, 305 F.3d 323 (5th Cir. 2002) (en banc).  The Fifth Circuit requires, however, that a plaintiff asserting such a claim must "present evidence that the defendant deliberately sought to deprive him of the equal protection of the laws for reasons of a personal nature unrelated to the duties of the defendant's position."  Id.  (quoting Hilton v. City of Wheeling, 209 F.3d 1005 (7th Cir. 2000).  See also Bryan v. City of Madison, Miss., 213 F.3d 267 (5th Cir. 2000), cert. denied, 531 U.S. 1145, 121 S.Ct. 1081, 148 L.Ed.2d 957 (2001) :

> [T]o successfully bring a selective prosecution or enforcement claim, a plaintiff must prove that the government official's acts were motivated by improper considerations, such as race, religion, or the desire to prevent the exercise of a constitutional right.  Allred's Produce [v. United States Department of Agriculture, 178 F.3d 743 (5th Cir. 1999); Stern v. Tarrant County Hospital District, 778 F.2d 1052 (5th Cir. 1985).  The plaintiff's] selective enforcement claim fails for that reason.  He has never alleged any improper motive by the [defendants] ... because of his race, his religion, his attempts to assert his constitutional rights, or just plain personal vindictiveness.

Neither the plaintiff's Complaint nor his supporting memorandum explains why the decision of prison officials was improperly motivated.  He does not allege that they made their determination because of his race, his religion, his attempts to assert his constitutional rights, or even out of personal vindictiveness.  In the instant case, the plaintiff has neither alleged nor produced evidence suggesting that the decision of prison officials to refuse his request to attend his mother's funeral was motivated by "reasons of a personal nature unrelated to the duties of the defendant[s'] position."  To the contrary, the plaintiff asserts only that prison officials have concluded, in the exercise of the discretion granted to them by state statute and by prison regulation, that because he has been convicted of a sexual offense, he should not be allowed to attend the funeral of a family member.  Accepting this conclusory assertion as true, the plaintiff has not asserted a claim cognizable under City of Willowbrook v. Olech.  See also Price v. Hamilton, 2009 WL 3247689 (W.D. Tex., Oct. 2, 2009) (holding that the imposition of special parole supervision requirements upon the plaintiff sex offender was not a violation of equal protection).  Accordingly, the plaintiff has

failed to show a violation of his right to equal protection in this case.

Finally, the Court turns to the issue of the defendants' repeated and contumacious failure to comply with the Orders of this Court. Rule 16 of the Federal Rules of Civil Procedure provides this court with broad discretion to use pretrial orders to expedite actions, discourage wasteful and protracted pretrial activities, improve the quality of trial preparation, and facilitate settlement. In order to ensure that the court has the ability to achieve these objectives, Rule 16(f) provides that a court may impose certain penalties, on its own initiative, "including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney ... fails to obey a scheduling or other pretrial order." Under this Rule, many alternatives are available to a trial court, including "[a]ssessment of fines, costs, or damages against the [defendants] or his counsel, attorney disciplinary measures, ... and explicit warnings ... to safeguard a court's undoubted right to control its docket." Rogers v. Kroger Co., 669 F.2d 317 (5th Cir. 1982).

In the instant case, the court entered a general scheduling order on August 22, 2008, rec.doc.no. 10, directing the defendants, upon being served with process, to file a timely answer or reply to the plaintiff's complaint, to provide an initial disclosure of pertinent documentation to the plaintiff within 20 days thereafter, to simultaneously file all discovery with the court, and to file a cross-motion for summary judgment within 120 days of the defendants' initial appearance. Thereafter, notwithstanding the explicit nature of that order and notwithstanding that service of process was effected upon the defendants in September, 2008, no answer or appearance was filed on the defendants' behalf until December 15, 2009, more than a year later and <u>after</u> the filing by the plaintiff of motions for a default judgment, to compel initial discovery, and to show cause why the defendants should not be held in contempt of court. Upon the filing of the defendants' Answer, and upon the failure of the defendants to file their initial discovery within 20 days thereafter, the Court entered an order on January 15, 2010, rec.doc.no. 20, directing the defendants to provide initial discovery to the plaintiff and to file same with the Court. Again, notwithstanding this order, and after the passage of almost six months without it appearing from the record that the defendants had complied with the court's order by filing the initial discovery with the court, the court again ordered the defendants, on July 7, 2010, rec.doc.no. 21, to file such discovery within 10 days, to show cause within such time why they should not be held in contempt of court for such failure, and to file a cross-motion for summary judgment within 40 days. The defendants' response to this order

was filed more than 10 days later than demanded, on July 27, 2010. Although the Court determined not to impose penalties against the defendants at that juncture, the court nonetheless entered a subsequent order on August 5, 2010, rec.doc.no. 24, explicitly directing the parties to file cross-motions for summary judgment "on or before August 20, 2010." Once again, and notwithstanding the explicit nature of this order, the defendants have failed to comply therewith. Specifically, as of this date, the defendants have not filed their cross-motion for summary judgment and, moreover, have not bothered to file any opposition to the plaintiff's cross-motion for summary judgment. As such, the record reflects that the defendants have repeatedly ignored and have consistently failed to comply with virtually every order entered by the court in this case.

Based upon this record, the Court concludes that, by their conduct, the defendants (or their attorney) have caused this proceeding to drag on for far longer than was warranted and have necessitated substantially greater effort on the court's part in resolving the plaintiff's claims. The court has been required to repeatedly enter orders in response to the defendants' actual or apparent failure to undertake that which was explicitly required of them. Accordingly, the Court believes it appropriate that the defendants be required to pay the plaintiff's costs in this case.

RECOMMENDATION

It is recommended that the plaintiff's Motion for Summary Judgment, rec.doc.no. 25, be denied, and that summary judgment be granted, sua sponte, in favor of the defendants, dismissing the plaintiff's claims, with prejudice, for failure to state a claim upon which relief may be granted. It is further recommended that the defendants be assessed the plaintiff's costs in this case, in accordance with Fed. R. Civ. P. Rule 16(f), and that this action be dismissed. The defendants are directed to file a certificate of compliance indicating that they have paid the plaintiff's court costs and have reimbursed any costs which he may have previously paid.

Signed in Baton Rouge, Louisiana, on September 15, 2010.

**MAGISTRATE JUDGE DOCIA L. DALBY**